| **Matter of Heritage Found. v Bragg** |
|:---:|
| 2024 NY Slip Op 34363(U) |
| December 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155431/2023 |
| Judge: Shahabuddeen Abid Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. SHAHABUDDEEN ABID ALLY          PART 16M
                              *Justice*

| | |
|---|---|
| In the Matter of | INDEX NO.          155431/2023 |
| | MOTION DATE      6/4/2024 |
| HERITAGE FOUNDATION | 5/16/2024 |
| -and- | MOTION SEQ. NO.    001 & 003 |
| MIKE HOWELL, | |
| Petitioners, | |
| For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules, | **DECISION & ORDER** |
| -against- | |
| ALVIN BRAGG, in his official capacity as DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK, | |
| Respondent. | |

> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to **ARTICLE 78 (FOIL)**: 1-18, 20, 25-27, 33-46, 48-70
>
> The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 3) to **DISMISS**: 71-76

In this Article 78 proceeding, commenced on June 15, 2023, pursuant to Verified Petition, petitioners HERITAGE FOUNDATION and MIKE HOWELL (collectively, "<u>Petitioners</u>") seek an order and judgment: (1) declaring that the records requested in their Freedom of Information Law ("<u>FOIL</u>") request are public records and are subject to release under FOIL; (2) ordering that respondent ALVIN BRAGG, in his official capacity as DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK ("<u>DANY</u>"), release the requested records, subject to legitimate exemptions, and estopping DANY from seeking costs and fees; and (3) awarding Petitioners attorney's fees and litigation costs. (NYSCEF Doc. 1) Petitioners filed an Order to Show Cause on June 22, 2023, and the Court signed it on June 26, 2023. (*Id.* Docs. 25, 27) On July 21, 2023, DANY filed an Answer in

Special Proceeding, contending that Petitioners' application is premature because they failed to exhaust their administrative remedies. (*Id.* Doc. 33) DANY also argues that attorney's fees and litigation costs are unwarranted. Petitioners filed a reply on August 8, 2023. (*Id.* Doc. 45)

On April 30, 2024, DANY moved by Notice of Motion to dismiss the petition as moot. (*Id.* Doc. 71) Petitioners filed opposition on May 9, 2024, and DANY filed a reply on May 14, 2024. (*Id.* Docs. 75-76)

## I.    BACKGROUND

By letter dated April 12, 2023, Petitioners submitted a FOIL request (the "FOIL Request") to DANY requesting four categories of records:

1. Any engagement, contract, agreement, or retention with Gibson, Dunn & Crutcher LLP. Please limit this search from January 1, 2020 to the present.

2. All records related to the retention of Gibson, Dunn & Crutcher LPP to act for the New York District Attorney's Office in *Bragg v. Jordan*, No. 23-cv-3032 (MKV) (S.D.N.Y).

3. All records related to the receipt of free legal services from Davi[s] Polk & Wardwell LLP for investigations into President Donald J. Trump. Please limit this search from January 1, 2020 to the present.

4. All records related to the receipt of free legal services from Paul Weiss LLP for investigations into President Donald J. Trump. Please limit this search from January 1, 2020 to the present.

(*Id.* Doc. 14)

By letter dated April 14, 2023, a Records Access Officer (the "RAO") for DANY acknowledged receipt of the FOIL Request and informed Petitioners that DANY needed additional time to locate responsive records and for the RAO to review them prior to her determination of the request. (*Id.* Doc. 15) The RAO stated that she was "unable to give [Petitioners] a definite date for completion of this determination[;] however, [Petitioners] can expect an update of the process on or before May 14, 2023." (*Id.*)

On April 20, 2023, Petitioners filed an administrative appeal to DANY's FOIL Appeals Officer (the "AO") claiming that the RAO had constructively denied the FOIL Request. (*Id.* Doc. 16)

[* 2]

On May 3, 2023, the AO issued a decision advising Petitioners that the FOIL Request was pending, that they would receive a determination or update on the process on or before May 14, 2023, and that this timeframe was "reasonable under the circumstances," given the breadth of the FOIL Request. (*Id.* Doc. 17)

By letter dated May 12, 2023, the RAO informed Petitioners that, due to the size and complexity of the FOIL Request, DANY required an additional 90 days to locate and review any potentially responsive records, and that Petitioners would receive a determination or update by August 12, 2023. (*Id.* Doc. 38)

On June 15, 2023, Petitioners commenced the instant proceeding.

On April 24, 2024, the RAO issued her determination of the FOIL Request. (*Id.* Doc. 73) The RAO recounted that, in August 2023, Petitioners were granted access to copies of agreements with Gibson, Dunn & Crutcher, Paul, Weiss, Rifkind, Wharton & Garrison LLP, and Davis Polk & Wardwell LLP. Additionally, the RAO stated that searches identified 819 responsive documents, that Petitioners were granted access to 51 of those documents, and that access was denied to the remainder of those documents based on various grounds for withholding. To date, no party has informed the Court whether Petitioners have appealed the RAO's April 24, 2024 determination to the AO.

Based on the RAO's April 24, 2024 determination, DANY moved to dismiss the proceeding as moot.

## II.   DISCUSSION

Regardless of DANY's arguments concerning Petitioners' exhaustion of their administrative remedies, the issuance of the RAO's April 24, 2024 determination on Petitioners' FOIL Request and production of responsive communications requires dismissal of this Article 78 proceeding. The April 24, 2024 determination and production moots any prior claim that the FOIL Request was constructively denied. To the extent that Petitioners argue in opposition to the motion to dismiss that certain of their claims for relief in the Verified Petition remain, because they still challenge the sufficiency of DANY's production, the propriety of its withholdings based on FOIL exemptions, and the lack of an adequate withholding log, the Court lacks subject-matter jurisdiction over those claims. This is because the Verified Petition that confers subject matter on this

[* 3]

Court simply contains *no* arguments concerning the April 24, 2024 determination on the FOIL Request—and nor could it, obviously, because the Verified Petition was filed almost a year before the determination was made. It would clearly be inappropriate for the Court to now issue a ruling on the April 24, 2024 determination and production without a petition addressed to them or even an appeal decision from the agency. Petitioners are free to commence a new Article 78 proceeding challenging any of DANY's decisions with which Petitioners take issue once a final administrative determination on the FOIL Request is made—*i.e.*, once the AO rules on any appeal that Petitioners have or might file.

Accordingly, it is hereby:

**ORDERED** that DANY's motion to dismiss (Seq. No. 3) is **GRANTED**, and Petitioners' Order to Show Cause (Seq. No. 1) is **DENIED**; and it is further

**ORDERED and ADJUDGED** that Petitioners' Verified Petition is **DENIED** and **DIS-MISSED**; and it is further

**ORDERED** that DANY shall serve a copy of this Decision and Order upon Petitioners and the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[1] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequences 1 and 3 decided in all court records; and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

---

[1] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

December 16, 2024
_____
DATE

SHAHABUDDEEN ABID ALLY, A.J.S.C.

| CHECK ONE: | [X] | CASE DISPOSED | [ ] | NON-FINAL DISPOSITION | | |
| MOT SEQ 1: | [ ] | GRANTED | [X] DENIED | [ ] | GRANTED IN PART | [ ] OTHER |
| MOT SEQ 3: | [X] | GRANTED | [ ] DENIED | [ ] | GRANTED IN PART | [ ] OTHER |
| CHECK IF APPROPRIATE: | [ ] | SETTLE ORDER | | [ ] | SUBMIT ORDER | [ ] STAY CASE |
| | [ ] | INCLUDES TRANSFER/REASSIGN | | [ ] | FIDUCIARY APPOINTMENT | [ ] REFERENCE |

155431/2023 Heritage Foundation v. Alvin Bragg
Mot. Seq. Nos. 001 & 003

Page 5 of 5

[* 5]